BERNARD M. PATTISON v. WM. and JOS. WALLACE,

A ginner receiving cotton, agrees to pick and bale it in preference to all other cotton; he gins other cotton, leaving part of plaintiff's unginned, the gin with plaintiff's cotton in it, is burnt without negligence on part of the ginner.   He is liable to plaintiff for the loss.

ASSUMPSIT by Pattison against W. and J. Wallace, on a special agreement.   General issue.

On the trial, the plaintiff took a bill of exceptions as follows : " The plaintiff proved, that in pursuance of an agreement between him and the defendants, he delivered at the cotton gin of the defendants, between the ninth day of October and the twenty second day of November, 1821, 53,413 pounds of good merchantable seed cotton; that the defendants were bound by the said agreement under which the cotton was delivered at their gin, to gin and bale the cotton delivered to them by the plaintiff, as fast as it was delivered to them, and could be ginned and baled, and in preference to all other cotton which might be delivered in their gin to pick and bale, and belonging to any other person.   It was also proved that about six or seven days after the last portion, amounting to five or six

JANUARY 1827.

B. M. Pattison
v
Wm. & Jos. Wallace.

thousand pounds of seed cotton, was delivered to the defendants, their gin was burnt. The plaintiff also proved that there was constantly a large supply of his seed cotton in the gin of the defendants, from said 9th of October to 22d of November, when the last delivery of said quantity of cotton was made ; that the defendants ginned about 14,000 pounds of seed cotton for other persons, and baled about half the proceeds of the said last mentioned quantity of cotton, during the time that they had in their gin, seed cotton of the plain iff as aforesaid It was also proved by two witnesses, that ordinary gins wou'd gin about 2000 pou ds of seed cotton per day, and one witness said that such gins would gin from 1500 to 2000 pounds of seed cotton per day. The plaintiff also proved that of the quantity of his seed cotton delivered as aforesaid at the gin of the defendants, move than 1500 pounds thereof was totally destroyed in said gin when it was burnt ; that 400 yards of bagging, and 600 pounds of rope, which had been delivered by the plaintiff to the defendants at their gin, to bale said cotton when ginned, was also totally destroyed when the gin was burnt ; that of the bagging delivered by him to the defendants, for the purpose aforesaid, 32 yards thereof were applied by the defendants to their own use, and had not been accounted for by them to the plaintiff ; that the ordinary price of baled cotton was, at the time the plaintiff's cotton was destroyed as aforesaid, twelve and a half cents per pound, and the price of bagging at the time last aforesaid, was thirty-three and a third cents per yard ; and the price of rope was twelve and a half cents per pou..d. It was proved that the plaintiff was, by the aforesaid agreement, to give the defendants for ginning and baling said cotton, the tenth part thereof ; and it was admitted by the plaintiff, that of the cotton bagging and rope delivered by him to the defendants, he had received all except the quantity of each article herein before stated. as proved to have been destroyed as aforesaid. There was no proof that the burning of the gin was produced by the negligence of the defendants ; whereupon the plaintiff by his counsel moved the Court to instruct the jury, that if they were satisfied from the testimony that the agreement between the parties was, as herein before stated as proved, and were also satisfied from said testimony that, if the defendants had complied with their said agreement, none of the said cotton of the plaintiff would have been in their said gin,

7

JANUARY 1827.

B. M. Pattison
v
Wm. & Jos. Wallace.

when it was burnt, that the plaintiff was entitled to recover of them the value of the said cotton which they might believe from the said testimony, was destroyed in the gin when it was burnt; and also the value of the bagging and rope which they might be satisfied from the said evidence, was destroyed in the gin when it was burnt: which said instructions the Court refused to give, and instructed the jury as follows, viz: If the burning of the gin was accidental, and not attributable to any negligence in the defendants, they could not be held accountable for the property which was destroyed by such burning; notwithstanding it might appear, that the cotton would not have been destroyed if the d fendants had ginned it in the time agreed upon: yet as the loss of the gin and cotton was not the effect of a violation of their undertaking in this particular, but was an event over which they had no control, it was esteemed in law the act of God, for which they were not answerable. The law does not embrace an occurrence of this kind in the estimation of damages, and it is a consequence too remote to be connected with a violation of this agreement. To which the plaintiff's counsel excepts, &c. Verdict and judgement for the plaintiff for $68 41 2-3. He assigned here as errors, the matter of the bill of exceptions.

M'KINLEY and HOPKINS, for the plaintiff.

COALTER and ORMOND, for defendants in error.

THE CHIEF JUSTICE delivered the opinion of the Court.

THE evidence as stated in the bill of exceptions, presents a clear case of bailment for a reward. The defendants were bailees, and were to receive a compensation for their labor, risk and attention. So long as they kept within their agreement, they were liable only for such accidents as prudence could have guarded against and prevented; but if they violated their engagements, they made themselves liable for the thing bailed in any event. They were bound to gin and bale the plaintiff's cotton as soon after delivery as it could be done, and to give it the preference. The evidence shews that they violated this contract. The charge prayed by the plaintiff's counsel put the case on a more liberal footing than the law would have placed it. In refusing to give this charge, the Circuit Court erred. The judgement must be reversed and the cause remanded.

JUDGE GAYLE not sitting.